By the Court,

Nelson, Ch. J.
If the makers had offered to pay the note in question, but declined on finding that it was lost, or if the endorser had proposed to take it up on receiving notice of protest, with a view of calling upon his principals, the question would have been different from the one now presented. The note being negotiable, neither was bound to make payment without receiving it as their voucher; or upon tender of ample indemnity against any future liability. This has been deliberately settled, and for the most satisfactory reasons. (Hansard v. Robinson, 7 Barn. Cress. 90; Rowley v. Ball, 3 Cowen, 303; Chitty on Bills, 423; Chitty, Jun. 53.) An indemnity may be required in such cases, with a view to proceedings in a court of equity to compel payment notwithstanding the loss.
*484 Tender of indemnity should be made to both maker and endorser at the time of demand and notice; because, as the former is not bound to make payment without the production of the note, or indemnity in case of loss, for that very reason payment ought not to be required of the latter till the proper steps have been taken to secure his immediate recourse against his principal. Besides, the endorser’s own liability upon the paper demands indemnity to himself, which should be given without delay, so that he may be in a situation to pay the demand at any time after notice, and look to the maker. Any prejudice he might suffer by reason of neglect on the part of the holder to give the necessary indemnity in either case, would, ° no doubt, afford ground for refusing to enforce payment against him on application to a court of equity for that purpose. The holder, therefore, should take the necessary steps with all reasonable diligence to secure a speedy resort to that court in behalf of the surety; as the consequences of delay would justly fall upon the holder, so far as the endorser or any other party standing in that relation upon the paper is. concerned.
The statute, (2 R. S. 327, § 95, 96, 2d ed.) allows a remedy at law upon a lost negotiable note and bill of exchange, upon giving a bond to the adverse party in a penalty of double the amount of the note or bill, with two sureties to be approved by the court in which the action is pending, conditioned to indemnify him, his heirs and personal representatives against all claims on account of the same, and against all costs and expenses by reason thereof. This statute, however, only applies to the remedy, and in no way affects the rights or liabilities of the parties arising out of the proceedings to charge the drawer or endorser. These stand upon the principles of commercial law, the same as before the enactment; and any defence that might before have been available at law, if the note had not been lost, or in equity, if lost, must be equally so since the statute.
But the note in question does not fall either under the *485 doctrine that calls for indemnity with a view to proceedings in equity, or under the above provisions of the statute. It is not a lost note, nor can it be so regarded by either maker or endorser. A copy was duly served with the declaration according to the statute, and the original • produced on the trial; and though it was supposed to have been lost by the holder at the time it fell due, still it was duly protested and notice given in the ordinary way, without any exception being then taken by either party on account of the non-production at the time. Nor have their rights been at all affected one way or the other by the temporary loss.of it. I am of opinion, therefore, that the judgment is right, and ought to be affirmed.
Judgment affirmed. -